# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  03-1104

_____

Antonia A. Joppa,                          *
                                           *
        Petitioner,                 *
                                           *
                                           *   Petition for Review from the
v.                                         *   Board of Immigration Appeals
                                           *   Judge Carlos Cuevas
John D. Aschroft,                          *
                                           *       [UNPUBLISHED]
        Respondent.                 *

_____

Submitted:   April 16, 2004
    Filed:   May 21, 2004

_____

Before LOKEN, Chief Judge, BYE, Circuit Judge, and MAGNUSON,[1] District
    Judge.

_____

PER CURIAM.

Antonia Joppa petitions for review of an order of the Board of Immigration
Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ's") denial of her
application for asylum and withholding of removal.  Joppa appeals only the denial of
her request for asylum.  We affirm.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District
of Minnesota, sitting by designation.

## BACKGROUND

Joppa was born in 1968 in Lome, Togo. In 1990, she left Togo for Ghana where she lived for three years. She obtained a Ghanian passport. While living in Ghana, Joppa returned to Togo on various occasions to attend school. There, she participated in student demonstrations against the Eyadema regime in Togo. In July 1991, Joppa contends that she was arrested, detained and questioned, and beaten for her participation in a student demonstration.

Following her arrest, Joppa returned to Togo and lived with her parents. Joppa maintains that Togolese soldiers came to her parents' home looking for her, destroyed everything inside the home and beat its occupants. Joppa also contends that in June 1993, Togolese security forces went to her parents' home and completely destroyed it. Joppa's parents then moved to Ghana, where they currently reside. In 1993, Joppa fled to the United States, after two of her friends were allegedly murdered in Ghana. She is in the United States illegally, having overstayed her visa. Joppa claims that she is entitled to asylum in the United States because of past persecution and a well-founded fear of future persecution on account of her participation in a student movement in Togo.

On January 27, 1998, Joppa appeared before Immigration Judge Carlos Cuevas. Judge Cuevas determined that Joppa was a citizen of Ghana, as well as a citizen of Togo. Judge Cuevas concluded that Joppa failed to demonstrate past persecution in either Togo or Ghana. Judge Cuevas further concluded that Joppa failed to establish a well-founded fear of future persecution in either Togo or Ghana. Although Joppa raises other issues on appeal, her failure to establish a well-founded fear of future persecution in Togo disposes of her entire petition.

**DISCUSSION**

When the BIA affirms the IJ's decision without an opinion, the IJ's decision is the final agency action for purposes of judicial review. 8 C.F.R. § 1003.1(e)(4) (2004.) We review to determine whether substantial evidence on the administrative record as a whole supports the decision to deny asylum. Melecio-Saquil v. Ashcroft, 337 F.3d 983, 986-87 (8th Cir. 2003). Only where the evidence in support of the application is "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution" will the Court reverse the IJ's decision to deny asylum. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

The attorney general may grant asylum to a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" includes an alien who is unable or unwilling to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). There is a rebuttable presumption of future persecution if Joppa establishes that she suffered past persecution. 8 C.F.R. § 208.13(b)(1)(i). Absent evidence of past persecution, Joppa must independently demonstrate that her fear of future persecution is both subjectively genuine and objectively reasonable. Francois v. INS, 283 F.3d 926, 930 (8th Cir. 2002). Subjectively, Joppa must establish with credible evidence that she genuinely fears persecution; objectively, Joppa must show through credible, direct, and specific evidence that a reasonable person in her position would fear persecution. Feleke v. INS, 118 F.3d 594, 597 (8th Cir. 1997).

Joppa has failed to come forward with credible evidence of a well-founded fear of future persecution in Togo. Joppa testified that she was arrested for her participation in a student demonstration in 1991. Following her arrest, Joppa moved to Ghana. For the next two years, she attended school in Togo, and lived in Ghana. Joppa felt safe enough to travel back and forth to Togo, despite her alleged past

persecution. Although she testified that Togolese forces destroyed her parent's home, she failed to provide any evidence that the attack was directed at her. See Nyonzele v. INS, 83 F.3d 975, 983 (8th Cir. 1996) (discussing that attacks on family members, absent a pattern of persecution linked to applicant, is insufficient to demonstrate a well-founded fear of persecution). Joppa presented no evidence that security forces or other government officials continued to look for her following her 1991 arrest, or that they continue to look for her today. Although Togo has general conflict and some political unrest, substantial evidence supports the IJ's conclusion that Joppa has not experienced past persecution in Togo, nor does she have a well-founded fear of persecution in Togo.

**CONCLUSION**

There is substantial evidence to support the IJ's decision that Joppa failed to meet her burden of demonstrating statutory eligibility for asylum. Accordingly, we deny Joppa's petition for review, and grant her a 30 day allowance of voluntary departure.